UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MEDICAL PLAZA, LLC                                                                                         PLAINTIFF

V.                                                                          CIVIL ACTION NO. 1:07cv98-LTS-RHW

UNITED STATES FIDELITY AND GUARANTY COMPANY                    DEFENDANTS
and JOHN DOES A, B, C, D, E, F, G, AND H

## ORDER

By a [115] Memorandum Opinion, with accompanying [116] Order, this Court denied cross motions for partial summary judgment and ruled that Defendant's (USF&G) policy of insurance provided coverage to Plaintiff's Hurricane Katrina loss for the loss in value of the undamaged portion of the building. At the same time, the Court rejected Plaintiff's contention that it was entitled to policy limits for the total loss of its building. The key remaining issue, then, is the measure of damages. USF&G has filed a [110] Motion *in limine* to Preclude any Testimony or Evidence Relating to the Replacement Cost of Plaintiff's Building. In a related matter, each party has filed *in limine* motions concerning the appropriate limits available under the subject insurance policy. *See* docket entries [108] (USF&G) and [111] (Plaintiff).

Any entitlement to damages will be governed by the terms of the insurance policy. Except for one footnote, addressed *infra*, Plaintiff does not argue that the policy language should not serve as a guide in the Court's analysis or be changed to their liking; instead, they point to provisions in the USF&G policy that replacement cost is taken into account when computing the amount of benefits associated with the demolition of the building. As part of this argument, Plaintiff maintains that USF&G used replacement cost to calculate the loss.

On prior occasions when the Court has been faced with replacement cost language, there usually has been a requirement that the Plaintiff's covered property actually be repaired or replaced before these benefits are available. USF&G's policy is no different–to a point.

The Plaintiff's building has not been repaired or replaced. In that event, the coverage extension section of the policy provides:

> **(3)** If the Building property is covered on a replacement cost basis and the property is not repaired or replaced, or if the Building property is covered on an actual cash value basis, we will not pay more than the lesser of:
>
> **(a)** The actual cash value of the building at the time of loss; or
>
> **(b)** The Limit of Insurance shown in the Property Coverage Part

Declarations as applicable to the covered Building property.

Although USF&G's [110] *in limine* motion was filed before the Court's ruling adverse to it on the applicability of the coverage extension, USF&G's [110] motion anticipated an alternate setting in case the Court found coverage.  However, USF&G appears to persist in claiming that Plaintiff must still replace or rebuild, and actually expend funds on replacement or repair of the building.

This position conflicts with the insurance policy (the declarations of which show replacement cost for the building valuation), which defines actual cash value as "[t]he replacement cost less depreciation; . . ."  Indeed, this definition is confirmed by Matthew Farrell, a general adjuster for USF&G in a letter to Plaintiff's managing partner.  Writing that "[t]he policy pays on an Actual Cash Value (ACV) basis until damaged property has actually been replaced," Farrell enclosed "our Replacement Cost estimate . . . subject to depreciation and the . . . deductible."

The Court agrees with Plaintiff that under the terms of the policy and USF&G's own admission "evidence of replacement cost is obviously relevant . . . [and] necessary."  Likewise, the Court rejects Plaintiff's suggestion that replacement cost without deduction for depreciation is the appropriate measure of damages, as Plaintiff is bound by the policy language which this Court is not going to change.

As for the policy limits, Plaintiff weakly attempts to saddle USF&G with a statement in USF&G's itemization of facts in support of its [85] Motion for Partial Summary Judgment that "[t]he Policy provided a $5,888,795.00 limit of insurance for covered losses.  It is true that the Court observed in its [115] opinion that the facts appearing in the respective itemizations "will be deemed established in the event a trial is conducted."  But the Court was also aware of a discrepancy in coverage limits for the covered property when it referred in general terms to "a limit of insurance in excess of $5,000,000.00 . . . ."

Plaintiff can not avoid (and does not address) either the fact that an endorsement was added to the policy reducing the building limits to $5,662,303 (apparently at Plaintiff's request) or that, in itemizing its damages in response to interrogatories propounded by USF&G, Plaintiff claimed that the policy limits, or contractual damages, for the building are $5,662,303.00.  The Court is persuaded that USF&G's statement in its itemization of facts was error, and that Plaintiff should not be allowed to take advantage of it.  Therefore, the policy limits for the building are established consistent with the reduced amount, and the Court prohibits any evidence, testimony, or argument that the building limit of insurance is greater than $5,663,303.00.  It should be understood that this limit is applicable to the building only, as there are other coverages and limits listed in the policy.

Accordingly, **IT IS ORDERED**:

USF&G's [110] Motion *in limine* to Preclude any Testimony or Evidence Relating to the Replacement Cost of Plaintiff's Building is **DENIED**;

  USF&G's [108] Motion *in limine* to Exclude Any Testimony, Evidence or Argument that the Limits of the Policy at Issue are Greater than $5,662,303.00 is **GRANTED**, subject to the understanding that this monetary limit is applicable to the building only;

  Plaintiff's [111] Motion *in limine* Regarding Policy Limits is **DENIED**.

  **SO ORDERED** this the 18th day of September, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE