UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


MEDICAL PLAZA, LLC                                                                                       PLAINTIFF

V.                                                                      CIVIL ACTION NO. 1:07cv98-LTS-RHW

UNITED STATES FIDELITY AND GUARANTY COMPANY                          DEFENDANTS
AND JOHN DOES A, B, C, D, E, F, G, AND H


**ORDER**

      There are numerous pending motions *in limine* filed by the respective parties.  This order addresses the following (the Defendant will be referred to as USF&G):

      1.  USF&G requests [107] that trial proceedings be bifurcated regarding the jury's consideration of breach of contract versus extra-contractual damages.  It has also filed a companion motion [105] to preclude evidence of or reference to claims for extra-contractual or punitive damages prior to a finding of contract liability.  Plaintiff agrees with the concept of bifurcation under § 11-1-65 of the Mississippi Code, but relies on *Broussard v. State Farm Fire & Casualty Co.*, 523 F.3d 618 (5th Cir. 2008) to distinguish between consequential or extra-contractual damages (such as attorney's fees, expenses, and pre-judgment interest), on the one hand, and punitive damages, on the other.  Plaintiff argues that the former may be considered in the first phase, and the latter is reserved for the second.

      Judge Ozerden ruled recently that the scheduled trial in *Fowler v. State Farm Fire & Casualty Co., et al.*, No 1:06cv489, now settled, would be tried in three phases.  The first phase would consider the underlying contractual/coverage/negligence claims.  The second and third phases were to be reserved for punitive and extra-contractual damages.  This is a valid method.  *Broussard* suggests that consequential or extra-contractual damages may be appropriate when punitive damages are not.  The other case cited by Plaintiff, *United American Insurance Co. v. Merrill*, 978 So. 2d 613 (Miss. 2007), held that attorney's fees are justified where punitive damages are awarded.  Depending on the outcome of the first phase, it follows that the non-contractual damages identified by Plaintiff potentially do not come into play until after the first phase.  Thus, the only issue that will be tried in phase one is the coverage claim.  The subject(s) of any additional phases will be determined once the first phase is fully concluded.  Of course, counsel for each party may make statements at the beginning of each phase that is held.

      This Court has observed on numerous occasions that it is difficult to imagine a breach of an insurance contract lawsuit without consideration of the policy provisions or the procedure utilized in handling the claim, and that this would be the case even if punitive or extra-contractual damages were not sought.  Plaintiff is entitled to shed light on this process by

introducing evidence concerning the manner in which USF&G handled this claim (keeping in mind that the Court will make decisions on policy interpretation, *see* discussion *infra*), whether that relates to policy coverage or the procedure adopted by USF&G in reaching its claim decisions.

Plaintiff will be allowed to address punitive/extra-contractual damages in *voir dire* subject to further direction from the Court.  If the jury is given the opportunity to consider punitive or extra-contractual damages, all counsel will be able to make a separate statement on those issues at the appropriate time.  (As part of its [105] motion, USF&G inserts without explanation a request for the exclusion of evidence of "out-of-state conduct"; since Plaintiff did not respond to this aspect, that part of the motion will be granted.)  Therefore, subject to the above comments, USF&G's [107] Motion to Bifurcate Trial Proceedings is **GRANTED**, and USF&G's [105] Motion to Preclude Evidence of or Reference to Claims for Extra-contractual or Punitive Damages Prior to a Finding of Contract Liability is **GRANTED IN PART** and **DENIED IN PART**.

2.  The Court tends to agree with Plaintiff's assessment that USF&G's [106] Motion *in limine* to Preclude any Testimony, Evidence, or Argument Relating to the Interpretation of Insurance Policy Provisions or Mississippi Legal Principles is moot.  In USF&G's defense, its motion was filed prior to the Court's [115] opinion and [116] order holding that the subject insurance policy provides coverage to Plaintiff's loss under a coverage extension for the undamaged portion of the building.

This Court has ruled consistently that testimony, whether expert or lay, concerning the interpretation of policy provisions or legal principles is not appropriate.  The interpretation of policy provisions is an issue of law and is within the province of the Court, not the jury.  Of course, Plaintiff will be allowed to introduce factual evidence concerning the manner in which USF&G handled this claim, keeping in mind that the Court will instruct the jury on the applicable law.  Instead of declaring that it is moot, USF&G's [106] motion is **GRANTED** and the Court will instruct the jury on matters of law, including the interpretation of the policy and the legal principles to be applied.

3.  USF&G's [109] motion to preclude any testimony or evidence relating to alleged wind damage to the first floor of Plaintiff's building is **DENIED**.  The only purpose that can be attributed to this request is to prevent Plaintiff from establishing all damages that may be owed under the insurance contract and avoid its own burden of proof on whether a policy exclusion applies.  Granting this motion results in essence to a directed verdict or other summary disposition before the presentation of any proof.  This conclusion is supported by the following statements in USF&G's motion:

> Even assuming *arguendo* that [Plaintiff] has met its burden of proof that the first floor of the Building sustained wind damage, which USF&G denies, USF&G has met its burden of proving that the damage to the first floor was not caused by wind damage as alleged by [Plaintiff]. [Plaintiff] has not come forward with any evidence to rebut USF&G's evidence.

>[Plaintiff] has neither satisfied its burden to establish a right of recovery for first floor wind damage nor come forward with any evidence rebutting USF&G's conclusion that all damage to the first floor was damaged by flood.

This smacks of a classic jury question, although the Court will withhold judgment until the proper time at trial and recognizes USF&G's right to ask for a judgment as a matter of law when the occasion arises. USF&G is reminded, however, that the Court of Appeals' opinion in *Broussard*, *supra*, explicitly held that Mississippi law does not support an insurance company's theory that the burden of proof "shifts back" to the Plaintiff and, on this point, stated that "the ultimate allocation of wind and water damages under the [Plaintiffs'] . . . coverage is a question of fact for the jury." 523 F.3d at 627 (citations omitted).

  4. Plaintiff's [113] Motion *in limine* Regarding Use and Effect of Payments Made Under Flood Policy is in part virtually identical to such a motion filed in *Gunn v. Lexington Insurance Co.*, No. 1:07cv478, which is not surprising since counsel for plaintiff in *Gunn* is the same as that in the instant case. Although the instant Plaintiff did not cite the Court's decision in *Gunn* in its present motion, counsel again urges such legal theories as election of remedies, other insurance, and the collateral source rule in support of excluding evidence that it received $500,000.00 in flood insurance benefits. Further, Plaintiff fails to acknowledge its admissions that it made a claim with its flood insurance carrier for benefits and that flood waters impacted its property. *See* Plaintiff's Response to USF&G's Itemization of Facts (especially numbers 3 and 6) at docket entry [91]. Plaintiff's [113] motion is **DENIED**. The Court intends to rule on the issue of the windstorm or hail deductible endorsement by separate order, particularly in light of the fact that this issue is the subject of a separately filed [127] Motion to Clarify.

  **SO ORDERED** this the 22nd day of September, 2008.

            s/ L. T. Senter, Jr.
            L. T. SENTER, JR.
            SENIOR JUDGE