UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MEDICAL PLAZA, LLC**                                                                 **PLAINTIFF**

V.                                              CIVIL ACTION NO.1:07CV098 LTS-RHW

**UNITED STATES FIDELITY AND GUARANTY COMPANY**
**and JOHN AND JANE DOES A,B,C,D,E,F,G, AND H**                  **DEFENDANTS**

## MEMORANDUM OPINION and ORDER

The Court has before it defendant United States Fidelity and Guaranty Company's (USF&G) motions *in limine* [88] [89] asking that the testimony of two of the plaintiff's expert witnesses, Rocco Calaci (Calaci) and Stephen Simmons (Simmons), be excluded.

Simmons is an architect who has made an estimate of the construction cost to replace the insured building. Simmons' January 30, 2008, estimate (Exhibit Six to the Defendant's Motion To Exclude [89]) is based upon the plans for the insured building and the costs of "a construction project using similar products, materials, methods and design" on the campus of the University of Mississippi Medical Center in Jackson, Mississippi (University Medical Center). That building had a construction cost of $4,759,000 ($233.03 per square foot).

Defendant contends that Simmons' methodology does not meet the standard of *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (*Daubert*) and Rule 702 of the Federal Rules of Evidence. *Daubert* and its progeny have assigned the trial judge the function of "gatekeeper" with a responsibility to exclude expert opinions that do not meet the criteria of Rule 702. Defendant describes Simmons' opinions as "speculative, irrelevant, and unreliable." (Defendant's Motion To Exclude [89] at page 2) Defendant also contends that Simmons' opinion is based on insufficient facts.

Simmons has been licensed as an architect in Mississippi since 1978. He has worked on a number of projects for the construction of medical buildings at University Medical Center. (Simmons Deposition Transcript Page Twelve) Simmons is not a contractor, estimator, or appraiser, and Defendant asserts that his testimony is therefore "outside his area of expertise."

Based on my review of the evidence submitted by the parties in support of and in opposition to Defendant's Motion To Exclude [89], I am of the opinion that Simmons is qualified to express the opinions set out in this January 30, 2008, report and in his deposition testimony. His opinions, the basis of his opinions, and the underlying support for his opinions are all appropriate areas for cross-examination, but the objections raised by the Defendant go to the weight of Simmons' testimony rather than

its admissibility.  I find that Simmons is qualified to give his expert opinion concerning the replacement cost of the insured building, and for this reason the Defendant's motion to exclude Simmons testimony will be denied.

Calaci is the plaintiff's expert in meteorology.  Defendant contends that the methodology Calaci used to estimate the location-specific wind speed in the vicinity of the insured building is scientifically unsound and that Calaci's testimony on this point should be excluded under *Daubert*.  Rule 702 of the Federal Rules of Evidence allows an expert to express his opinion when scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to decide a fact question in issue if the expert is qualified by knowledge, skill, experience, training, or education and if his opinion is based on sufficient information and is arrived at by reliable methods properly applied by the expert within his field.  The question before me is whether Calaci used reliable methods to arrive at his opinion of estimated wind speed in the vicinity of the insured building during Hurricane Katrina.

On September 18, 2007, I conducted a hearing outside the presence of the jury concerning Calaci's qualifications as an expert witness in *Webster v. USAA,* Civil Action No. 1:05cv715 LTS-RHW.  After the hearing I determined that Calaci was qualified to express his opinions in his area of expertise, i.e. as a meteorologist.  I will follow that ruling and deny Defendant's motion to disqualify Calaci in this action because Defendant has asserted no new grounds to support its motion to disqualify, and Calaci followed the same methodology in this case as he followed in *USAA v. Webster*.

Calaci's testimony will be limited to his area of expertise, and he will not be permitted to express opinions on engineering matters he is not qualified to address.  Plaintiff has assured the Court:  "Mr. Calaci is a meteorologist and will be testifying at trial as a meteorologist.  Plaintiff does not seek to have Mr. Calaci provide engineering opinions." (Plaintiff's Response [95] to Defendant's Motion To Disqualify [88]) I see nothing in Calaci's deposition testimony or in his *curriculum vitae* to indicate that he has the engineering background necessary to calculate and testify concerning the direct physical effect of the storm forces on the insured building.  His testimony concerning the effect of these storm forces will therefore be limited to a general description of the forces the storm exerted on the building and to the facts he observed in the post-storm photographs of the insured building.  I do not believe Calaci is qualified to express engineering opinions concerning the cause of the damage to the insured building, and his opinions in the field of engineering will be excluded.

There will obviously be differences of opinion among the parties' experts concerning their estimates of wind speed in the vicinity of the insured building during the storm and on other issues of fact.  These differences must be considered by the jury in the light shed upon them by cross-examination.  I find Calaci's testimony in the field of meteorology to be admissible under Rule 702 of the Federal Rules of Evidence and under *Daubert* and its progeny.

Accordingly, it is

**ORDERED**

That the defendant's motions [88] [89] to exclude the testimony of these two expert witnesses, Rocco Calaci and Stephen Simmons, are **DENIED**.

**SO ORDERED** this 6th day of October, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
